John N. Butman, Guardian, *vs.* Eliab D. Whipple.

PROVIDENCE—FEBRUARY 10, 1904.

Present: Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Trustee and Cestui. Contracts. Voidable Contracts Between Trustee and Cestui. Equity.*

When, at the time of the alleged conveyance from complainant's ward, and the alleged contract between her and the respondent, respondent held certain money in trust for her and was acting as her confidential adviser, the *cestui* being advanced in years and of feeble understanding, the contract will be declared void, and respondent will be required to account as trustee for all moneys coming into his hands from the *cestui*, credit being allowed him for all disbursements made and services rendered in good faith on behalf of the *cestui*.

Bill in Equity to set aside contracts and conveyances between trustee and *cestui*. Heard on bill, answer, and proofs. Relief granted.

Per Curiam. The respondent admits that at the time of the alleged conveyance from complainant's ward and the alleged contract between her and himself he held certain sums of money in trust for her, and that he then was, and for a long time previously had been, acting as confidential adviser to her and her husband.

(1) It further appears that at the time of the alleged contract Mrs. Weatherhead was advanced in years and of feeble understanding.

We do not find anything in the evidence to make this case an exception to the general rule in equity, which is thus stated by Professor Pomeroy: "A purchase by a trustee from his

*cestui que trust,* even for a fair price, and without any undue advantage, or any other transaction between them by which the trustee obtains a benefit, is generally voidable, and will be set aside on behalf of the beneficiary; it is at least *prima facie* voidable upon the mere facts thus stated." 2 Pom. Eq. Juris. § 958, p. 1384.

The age and feeble condition of Mrs. Weatherhead and her isolation from any intelligent adviser are circumstances which strengthen the appeal to the remedial power of this court. It is not entirely clear that the action of the respondent in the premises was fair and disinterested, though he seems to have reasonably fulfilled the terms of the supposed agreement until the intervention of Mrs. Weatherhead's grandson.

The alleged contract must be declared void, and the respondent will be required to account as trustee for the several sums of money which have come into his hands from Mr. and Mrs. Weatherhead.

In this account credit should be given for all disbursements made and services rendered in good faith by the respondent to and on behalf of the beneficiaries.

*Claude J. Farnsworth,* for complainant.

*Page & Page and Cushing,* for respondent.